UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Michael Davis,

Plaintiff,

v.

Reliant Energy - Minnegasco,
a Division of Reliant Energy Resources
Corporation, a Delaware Corporation,

Defendant.

Court File No. 00-CV-359 PAM/JGL

**STIPULATED PROTECTIVE ORDER**

Plaintiff and Defendant, by and through their through their respective counsel, hereby stipulate to the entry of the following Protective Order under Rule 26 of the Federal Rules of Civil Procedure.

**IT IS ORDERED**:

1. Certain personal, proprietary, personnel, professional, business and other information produced, marked for identification, or introduced into evidence during this proceeding may be stamped "CONFIDENTIAL" by the producing party. When so identified by a producing party in accordance with this Protective Order, such information (hereinafter "Confidential Information") shall be deemed to be confidential and shall not be disclosed or used except as set forth below. A party who considers a document or other information in the possession of the other party as confidential may, upon learning that the other party has a copy of said document or information, assert its confidentiality by notifying the other party in writing and referencing the specific document or other material asserted to be confidential. Any documents



FILED JUN 15 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

produced by a non-party in discovery in this case pursuant to subpoena or otherwise may be designated by a party as "Confidential."

2. The Confidential Information shall be used solely for the purposes of this litigation and for no other purpose, including without limitation any business or competitive purpose or any voluntary submission to any governmental or administrative agency.

3. Except as specifically ordered by the Court, the Confidential Information may be given, shown, made available to, or communicated only to: (a) attorneys for the parties and attorneys' employees to whom it is necessary that the Confidential Information be shown for purposes of this litigation; (b) such attorneys' third-party consultants and independent experts who are employed for the purposes of this litigation; (c) the parties to this litigation and officers or employees of a party who are actively assisting such party in the prosecution or defense of this litigation; (d) deposition and trial witnesses to the extent necessary for preparing such witness for his or her testimony, and (e) any organization or individual hired by the respective parties to assist in litigation, including graphics consultants, computer consultants, or document scanning services. Other persons must provide their assurances that they will abide by and be bound by the terms of this Stipulated Protective Order prior to reviewing any information designated as confidential pursuant to this Stipulated Protective Order. Except as provided in paragraphs 6, 8, and 9, the Confidential Information shall not be disclosed to anyone other than the individuals specified in this paragraph.

4. Except as provided in paragraph 8 (use of the Confidential Information in open court) and paragraph 9 (use of the Confidential Information in depositions), in the event that attorneys for any party contend that use of the Confidential Information requires disclosure to any

person not authorized to receive the Confidential Information under the terms of this Protective Order, attorneys for such parties shall identify the specific information (whether a document, testimony or other material) sought to be disclosed, and the identity of the unauthorized person, and notify attorneys for the opposing party sufficiently in advance of any such disclosure to permit such attorneys the opportunity to resolve the matter by agreement. In submitting such a dispute to the Court, attorneys shall not annex to any moving papers the specific documents, testimony or other materials involved, but shall submit any such materials under seal, as provided in paragraph 5 below.

5. Whenever a party files any document with the Court that contains any of the Confidential Information such filing party shall file such material under seal. Envelopes used to seal such material shall carry the notation:

"CONFIDENTIAL -- PROTECTIVE ORDER"

Envelopes so marked shall be delivered sealed to the Clerk of the Court and shall not be available for public inspection. Attorneys for any party shall have the opportunity to oppose any request for public inspection.

6. All Confidential Information provided or produced under this Protective Order shall be kept in a controlled, secure and segregated location by the parties and their attorneys. Access shall be permitted only to those persons authorized by this Protective Order to have access to the Confidential Information.

7. Should attorneys for any party desire to use any of the Confidential Information during any proceedings held in open court, attorneys for opposing party may, at the time of such use, if present, request that any portion of the transcript containing such reference to the

Confidential Information be filed under seal with this Court and be accorded treatment as confidential information as provided by this Protective Order.

8. For deposition testimony, attorneys may invoke the provisions of this Protective Order, if possible giving prior warning to attorneys for the parties, that testimony about to be given falls within this Protective Order and is to be designated confidential. No person (other than the court reporter) shall be present during the giving of any such testimony unless such person is an authorized recipient of the Confidential Information under the terms of this Protective Order.

9. At the conclusion of all proceedings in this litigation, including, but not limited to final adjudication of any appeals or petitions for hearing or for extraordinary writs, all of the Confidential Information and all copies thereof, and all documents reflecting the Confidential Information that are not in the custody of the Court, shall be returned to attorneys for the respective parties. Alternatively, all documents in the possession of a party that contain any of the Confidential Information produced by the other party, absent the express written consent of attorneys for the designating party, shall be destroyed within sixty (60) days after the conclusion of all proceedings in this litigation. Nothing in this section precludes opposing counsel from keeping one copy of said confidential documents secured in safe keeping for counsel's files.

10. Any court with jurisdiction over this action shall retain such jurisdiction with respect to this Protective Order for purposes of enforcing its terms and conditions and to enable any party herein affected to apply for such other and further orders modifying or otherwise concerning the subject of this Protective Order as may be necessary or appropriate.

11. The production of the Confidential Information pursuant to this Protective Order shall in no way constitute (a) a waiver of any right to object to the production or use of the same

information on other grounds or on any potentially applicable legal protection; or (b) a waiver of any right to object to the production or use of other documents in this litigation or in any other litigation. By signing this Protective Order, a party is not deemed to waive any objection to the production of any document.

Dated: June 12, 2000

FELHABER, LARSON, FENLON & VOGT, P.A.

By: ______________________

Paul J. Zech, #162450
Lee A. Lastovich, #239495
601 Second Avenue South, #4200
Minneapolis, MN 55402
612/339-6321

ATTORNEYS FOR DEFENDANT

Dated: June 12, 2000

NICHOLS, KASTER & ANDERSON

By: ______________________

Paul J. Lukas, Esq., #22084X
Nichols, Kaster & Anderson
4644 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
612/338-1919

ATTORNEYS FOR PLAINTIFF

**SO ORDERED:**

Dated: June 15, 2000, 2000

______________________
Judge of United States District Court

::ODMA\GRPWISE\FELLAW.MPLS.MPLS Doc Library:150784.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. ROBERT ST., RM. 708
ST. PAUL, MN 55101

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

## *Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

## ***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.

B:\FORMS\PROTECOR.NOT
Rev. 8/92